# In the United States Court of Federal Claims

No. 17-113

Filed: December 19, 2017

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STAN DOMINICK, GENE RACANO, KRISTIAN RIVERA, ANEWRYS ROSARIO, and JONATHAN ARENCIBIA, *on behalf of themselves and all others similarly situated*,

    Plaintiffs,

v.

THE UNITED STATES,

    Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Back Pay Act of 1966, 5 U.S.C. § 5596 (2012); Collective Action; Conditional Certification; Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–219 (2012).

**Brian A. Bodansky**, Bell Law Group, PLLC, Garden City, New York, Counsel for Plaintiffs.

**Isaac Benjamin Rosenberg**, United States Department of Justice, Washington, D.C., Counsel for the Government.

**MEMORANDUM OPINION AND ORDER REGARDING CONDITIONAL CERTIFICATION**

**I.    BACKGROUND AND PROCEDURAL HISTORY.**[1]

Plaintiffs are residents of Florida who are currently employed as police officers at the Homestead Air Reserve Base in Homestead, Florida ("HARB"). Compl. ¶¶ 7–15. Plaintiffs are paid different hourly wages for all hours worked up to forty hours per week, and receive a locality adjustment of 21.05%. Compl. ¶¶ 16–25. Allegedly, for the duration of their employment at HARB, the United States Department of the Air Force ("Air Force") required police officers to arrive at their post fifteen minutes prior to scheduled shifts, ready to work. Compl. ¶ 26. But, it is alleged that Plaintiffs were not paid for these additional fifteen-minute periods. Compl. ¶ 27. Consequently, because they were scheduled to work a minimum of forty hours per week, Plaintiffs allege that they are entitled to overtime pay for this additional time. Compl. ¶ 28. It is also alleged that a number of Plaintiffs worked overtime hours on Sundays and evenings that entitle them to "weekend and/or night differential pay," that they did not receive. Compl. ¶ 29.

---

[1] The factual allegations herein were adduced from the January 25, 2017 Complaint ("Compl.").

On January 25, 2017, Plaintiffs filed a Complaint in the United States Court of Federal Claims, with two causes of action: (1) the Air Force failed to pay overtime pay in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 207 (2012); and (2) the Air Force violated the Back Pay Act of 1966, 5 U.S.C. § 5596 (2012). ECF No. 1.

On May 26, 2017, the Government filed an Answer to Plaintiff's January 25, 2017 Complaint. ECF No. 9.

On July 31, 2017, the parties filed a Joint Preliminary Status Report ("JPSR"). ECF No. 13.

On August 1, 2017, the court convened a telephone status conference to discuss the JPSR. On August 10, 2017, the court issued a Scheduling Order establishing discovery deadlines and a deadline for a Motion For Preliminary Class Certification. ECF No. 16. That Order also provided that additional plaintiffs who provided the court with proof of consent could join the case within 60 days of the court's entry of an order approving an opt-in notice to putative collective action members. ECF No. 16.

On September 15, 2017, Plantiffs filed a Motion For Conditional Certification Of A Collective Action Pursuant To 29 U.S.C. § 216(b) ("Pls. Mot."). ECF No. 20. The September 15, 2017 Motion stated that the Government agreed to consent to the conditional certification, "without prejudice to its right to ask the [c]ourt in the future to de-certify the collective [action], or to its defenses to the claims asserted in [Plaintiffs'] complaint." Pls. Mot. at 1. Plaintiffs understand that the Government's consent is "contingent upon the court's wholesale approval of the proposed Notice And Consent Form, and/or distribution plan." Pls. Mot. at 1.

On December 19, 2017, the court convened a telephone status conference to discuss the September 15, 2017 Motion For Conditional Certification.

**II. DISCUSSION.**

The FLSA provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce . . . for a workweek longer than forty hours *unless such employee receives compensation for his [or her] employment* in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed.

29 U.S.C. § 207(a) (2012) (emphasis added).

The FLSA also provides a right of action by aggrieved employees to vindicate violations of Section 207(a), "in the amount of their unpaid minimum wages, or their unpaid overtime compensation." 29 U.S.C. § 216(b) (2012).

> An action to recover the liability prescribed [for violations of 29 U.S.C. §§ 206, 207] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for

>and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*Id.*

The statute, however, does not provide a specific mechanism for determining whether prospective plaintiffs are "similarly situated." *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170–72 (1989). For this reason, federal courts have utilized different procedures for determining who is "similarly situated" to the named plaintiff(s) and may consent to become a party to the suit. *See Gayle v. United States*, 85 Fed. Cl. 72, 77 (Fed. Cl. 2008) (discussing three approaches courts have used in governing FLSA collective actions).[2] It appears, however, that the majority of courts, including the United States Court of Federal Claims, have used a two-step approach in considering whether to grant a motion to certify a collective action under the FLSA: (1) the court makes a preliminary determination whether plaintiffs are "similarly situated," *i.e.*, subject to a common employment policy or plan; (2) after discovery, the Government has an opportunity to seek decertification of the collective action, on the ground that plaintiffs are not similarly situated. *See, e.g.*, *Whalen v. United States*, 85 Fed. Cl. 380, 383 (Fed. Cl. 2009).

Conditional certification is not equivalent to class certification under FRCP 23, or its counterpart Rule of the United States Court of Federal Claims ("RCFC") 23, because it "does not produce a class with independent legal status or join additional parties to the action." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013). Instead, the "sole consequence" of conditionally certifying a collective action is that a court-approved, written notice is sent to employees to facilitate the opt-in process. *Id.* The employees, however, do not become parties to the suit unless the court receives written consent. *Id.*

The threshold issue in the conditional certification process is to ascertain whether Plaintiffs are similarly situated. *See Whalen*, 85 Fed. Cl. at 384 ("The inquiry at this stage is not particularly searching; all that plaintiffs must put forward are substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."). To satisfy this burden, Plaintiffs need only make a "modest factual showing of common circumstance," that may be demonstrated by the pleadings, affidavits, and other supporting evidence. *Whalen*, 85 Fed. Cl. at 384; *see also Gayle*, 85 Fed. Cl. at 76 ("Plaintiff can satisfy the evidentiary burden imposed by the first step by showing that the pleadings, affidavits, and other available evidence support the conclusion that potential class members are similarly situated."). The court's determination that plaintiffs are similarly situated does not adjudicate factual disputes, substantive merits, or credibility determinations. *Whalen*, 85 Fed. Cl. at 385.

---

[2] These three approaches are: (1) the two-step approach described herein; (2) an approach that incorporates the provisions of Federal Rule of Civil Procedure 23; and (3) an approach incorporating the "spurious class action" recognized in a pre-1966 version of FRCP 23, because the FRCP Advisory Committee stated that the 1966 amendments to FRCP 23 did not apply to FLSA collective actions. *See Gayle*, 85 Fed. Cl. at 77.

In this case, Plaintiffs seek to conditionally certify a collective action, so that notices may be sent to all civilian police officers who were employed by the Air Force at HARB between January 25, 2014 and August 24, 2017. Pls. Mot. at 2.

The January 25, 2017 Complaint alleges that Plaintiffs and all putative collective action members are, or were, police officers employed at HARB. Compl. ¶¶ 7–15. In addition, the January 25, 2017 Complaint alleges that although Plaintiffs were required to be at their post, ready to work, fifteen minutes prior to their scheduled shifts, they were not compensated for this time. Compl. ¶¶ 26–28. The January 25, 2017 Complaint alleges that the basic job duties of the putative collective action members are or were the same or substantially similar to Plaintiffs' job duties, and the putative collective action members are or were paid in the same manner and under the same policies, plans, and practices as Plaintiffs. Compl. ¶ 31.

Although Plaintiffs need only make a "modest factual showing of common circumstance," *Whalen*, 85 Fed. Cl. at 384, the allegations in the January 25, 2017 Complaint do not satisfy this minimal evidentiary burden, as required by the United States Court of Federal Claims. This court has generally required plaintiffs to support the allegations with affidavits and other available evidence. *See, e.g.*, *Smith v. United States*, 2014 WL 3940494, at *2 (Fed. Cl. Aug. 11, 2014) ("[Even if plaintiff's allegations are true,] this is not enough to demonstrate that these individuals are similarly situated for purposes of the FLSA—there still must be some substantial allegations, supported by evidence, that the classification was due to a common decision, policy, or plan."); *Barry v. United States*, 117 Fed. Cl. 518, 521 (Fed. Cl. 2014) ("[P]laintiffs need only make a modest factual showing based on the pleadings, affidavits, and other available evidence that potential class members are similarly situated."); *Gayle*, 85 Fed. Cl. at 78 ("Notwithstanding the lenient evidentiary standard applicable to a first step conditional certification of a collective action, plaintiff must offer some credible evidence that other potential plaintiffs are similarly situated. . . . It is axiomatic that in moving for conditional certification on the basis of a company-wide policy, plaintiff must provide an evidentiary basis for the existence of such a policy.").

Because Plaintiffs have not met their evidentiary burden, the September 15, 2017 Motion For Conditional Certification is denied, without prejudice, so that Plaintiffs may re-file a motion for conditional certification when additional evidence is available.

Plaintiffs also are cautioned that any proposed notice delivery plan must comply with the court's August 10, 2017 Scheduling Order (ECF No. 16), which requires that additional plaintiffs provide to the court proof of their consent to join the case within 60 days of the court's entry of an order approving the proposed notice.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN,
Chief Judge**