# In the United States Court of Federal Claims

No. 17-113

Filed: October 17, 2018

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| | \* | |
| STAN DOMINICK, GENE RACANO, | \* | |
| KRISTIAN RIVERA, ANEWRYS ROSARIO, | \* | |
| and JONATHAN ARENCIBIA, *on behalf of* | \* | Back Pay Act of 1966, 5 U.S.C. |
| *themselves and all others similarly situated,* | \* | § 5596; |
| | \* | Collective Action; |
| Plaintiffs, | \* | Conditional Certification; |
| v. | \* | Fair Labor Standards Act of 1938, |
| | \* | 29 U.S.C. §§ 201–219. |
| THE UNITED STATES, | \* | |
| | \* | |
| Defendant. | \* | |
| | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Brian A. Bodansky**, Bell Law Group, PLLC, Garden City, New York, Counsel for Plaintiffs.

**Isaac Benjamin Rosenberg**, United States Department of Justice, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND ORDER REGARDING CONDITIONAL CERTIFICATION

## I.     BACKGROUND AND PROCEDURAL HISTORY.[1]

Plaintiffs are residents of Florida who currently are employed as police officers at the Homestead Air Reserve Base in Homestead, Florida ("HARB"). Compl. ¶¶ 7–15. Plaintiffs are paid different hourly wages for work up to forty hours per week and receive a locality adjustment of 21.05%. Compl. ¶¶ 16–25. For the duration of their employment at HARB, the United States Department of the Air Force ("Air Force") required police officers to arrive at their posts fifteen minutes prior to scheduled shifts, ready to work. Compl. ¶ 26. Plaintiffs, however, were not paid for the fifteen-minute periods prior to commencement of their scheduled shifts. Compl. ¶ 27. Because Plaintiffs were scheduled only to work a minimum of forty hours per week, they seek overtime pay for this additional time. Compl. ¶ 28. Plaintiffs who worked overtime hours on Sundays and evenings also seek "weekend and/or night differential pay" that they did not receive. Compl. ¶ 29.

---

[1] The factual allegations herein are derived from the January 25, 2017 Complaint ("Compl.").

On January 25, 2017, Plaintiffs filed a Complaint in the United States Court of Federal Claims asserting two causes of action: (1) the Air Force failed to pay for overtime in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 207; and (2) the Air Force violated the Back Pay Act of 1966, 5 U.S.C. § 5596.  ECF No. 1.

On May 26, 2017, the Government filed an Answer to Plaintiffs' January 25, 2017 Complaint.  ECF No. 9.

On July 31, 2017, the parties filed a Joint Preliminary Status Report ("JPSR").  ECF No. 13.

On August 1, 2017, the court convened a telephone status conference to discuss the JPSR. On August 10, 2017, the court issued a Scheduling Order establishing discovery deadlines and a deadline for a Motion For Preliminary Class Certification, to afford other individuals, who initially were not named as plaintiffs, the opportunity to provide a proof of consent evidencing intent to join this case.  ECF No. 16.

On September 15, 2017, Plaintiffs filed a Motion For Conditional Certification Of A Collective Action Pursuant To 29 U.S.C. § 216(b) ("Pls. 9/15/17 Mot.").  ECF No. 20.  The September 15, 2017 Motion stated that the Government agreed to consent to the conditional certification, "without prejudice to its right to ask the [c]ourt in the future to de-certify the collective [action], or to its defenses to the claims asserted in [Plaintiffs' C]omplaint." Pls. 9/15/17 Mot. at 1.

On December 19, 2017, the court convened a telephone status conference to discuss the September 15, 2017 Motion For Conditional Certification.  That same day, the court issued a Memorandum Opinion And Order denying Plaintiffs' September 15, 2017 Motion For Conditional Certification, without prejudice, because "Plaintiffs ha[d] not met their evidentiary burden[.]" ECF No. 27 at 4 (*Dominick v. United States*, 135 Fed. Cl. 714, 717 (Fed. Cl. 2017)).

On August 14, 2018, Plaintiffs filed an Unopposed Motion For Conditional Certification Of Collective Action Pursuant To 29 U.S.C. § 216(b) ("Pls. Mot.").  ECF No. 28.  The August 14, 2018 Motion included six signed declarations in support of conditional certification.  Pls. Mot. Att. 3.[2]  Each declaration states that the declarant was employed by the Air Force and

> before each shift, [the declarant] was required to be at [his or her] post, fully dressed and armed, ready for duty, at least fifteen (15) minutes early.  This was required whether [the declarant] worked overtime or not.  Instead, [the declarant's] pay simply reflected [his or her] hours from the beginning of [his or her] assigned shift until the end, but never included the additional 15 minutes that [the declarant] had

---

[2] These declarations include: (1) July 27, 2018 Declaration of Stan Dominick ("7/27/18 Dominick Decl."); (2) June 25, 2018 Declaration of Gene Racono ("6/25/18 Racono Decl."); (3) June 25, 2018 Declaration of Kristian Rivera ("6/25/18 Rivera Decl."); (4) July 10, 2018 Declaration of Anewrys Rosario ("7/10/18 Rosario Decl."); (5) July 3, 2018 Declaration of Jonathan Arencibia ("7/3/18 Arencibia Decl."); (6) June 1, 2018 Declaration of David Guzman ("6/1/18 Guzman Decl.").  Pls. Mot. Att. 3 at 1−16.

to be present.  This was the standard procedure for all civilian Police Officers, not just [the declarant].  [The declarant] was made aware of this procedure[,] because it was posted on [the civilian Police Officers'] work schedule.

7/27/18 Dominick Decl. ¶¶ 4–5; 6/25/18 Racono Decl. ¶¶ 4–5; 6/25/18 Rivera Decl. ¶¶ 4–5; 7/10/18 Rosario Decl. ¶¶ 4–5; 7/3/18 Arencibia Decl. ¶¶ 4–5; 6/1/18 Guzman Decl. ¶¶ 4–5.

In addition, each declaration states that the declarant and his or her "coworkers . . . perform largely the same work, regardless of which shift or duty location [they] work.  This work, generally speaking, consists of providing base security for HARB personnel and assets."  7/27/18 Dominick Decl. ¶ 9; 6/25/18 Racono Decl. ¶ 9; 6/25/18 Rivera Decl. ¶ 9; 7/10/18 Rosario Decl. ¶ 9; 7/3/18 Arencibia Decl. ¶ 9; 6/1/18 Guzman Decl. ¶ 7.  Also, each declaration states that the declarant "was never paid for the extra fifteen (15) minutes per shift that [he or she] had to work."  7/27/18 Dominick Decl. ¶ 10; 6/25/18 Racono Decl. ¶ 10; 6/25/18 Rivera Decl. ¶ 10; 7/10/18 Rosario Decl. ¶ 10; 7/3/18 Arencibia Decl. ¶ 10; 6/1/18 Guzman Decl. ¶ 8.  And, each of the declarations state that the declarant "observed [discipline for not satisfying the early arrival requirements] happening to [his or her ] coworkers every time [the declarant] worked[.]"  7/27/18 Dominick Decl. ¶ 8; 6/25/18 Racono Decl. ¶ 8; 6/25/18 Rivera Decl. ¶ 8; 7/10/18 Rosario Decl. ¶ 8; 7/3/18 Arencibia Decl. ¶ 8; 6/1/18 Guzman Decl. ¶ 6.  In addition, five of the declarations state that "[a]fter discussing this with several of my coworkers, it became clear that none of us were being paid for that time."  7/27/18 Dominick Decl. ¶ 11; 6/25/18 Racono Decl. ¶ 11; 6/25/18 Rivera Decl. ¶ 11; 7/10/18 Rosario Decl. ¶ 11; 7/3/18 Arencibia Decl. ¶ 11.

The August 14, 2018 Motion adds that the Government agreed to consent to the conditional certification,  "without prejudice to its right to ask the [c]ourt in the future to de-certify the collective [action], or to its defenses to the claims asserted in [Plaintiffs' C]omplaint."  Pls. Mot. at 1.  Plaintiffs understand that the Government's consent is "contingent upon the [c]ourt's approval, without modification, of the proposed Notice And Consent Form and distribution plan[.]"  Pls. Mot. at 2.

## II.   DISCUSSION.

The FLSA provides, in relevant part, that

no employer shall employ any of his employees who in any workweek is engaged in commerce . . . for a workweek longer than forty hours *unless such employee receives compensation for his [or her] employment* in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed.

29 U.S.C. § 207(a) (emphasis added).

In addition, the FLSA provides a right of action by certain employees for Section 207(a) violations, "in the amount of their unpaid minimum wages, or their unpaid overtime compensation." 29 U.S.C. § 216(b).  The FLSA also states,

[a]n action to recover the liability prescribed [for violations of 29 U.S.C. §§ 206, 207] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*Id.*

The FLSA, however, does not provide a procedure to determine whether prospective plaintiffs are "similarly situated."  *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170–72 (1989).  Therefore, federal courts have utilized different procedures to determine who is "similarly situated" to the named plaintiff(s) and evidence consent to become a party to the suit.  *See Gayle v. United States*, 85 Fed. Cl. 72, 77 (Fed. Cl. 2008) (discussing three approaches that courts have used in FLSA collective actions).  Many courts, including the United States Court of Federal Claims, have instituted a two-step process in determining whether a motion to certify a collective action should be granted under the FLSA: (1) the court makes a preliminary determination whether plaintiffs are "similarly situated," *i.e.*, subject to a common employment policy or plan; (2) after discovery, the Government may seek decertification of the collective action.  *See, e.g.*, *Whalen v. United States*, 85 Fed. Cl. 380, 383 (Fed. Cl. 2009).

Conditional certification is not equivalent to class certification under FRCP 23 or Rule of the United States Court of Federal Claims ("RCFC") 23, because it "does not produce a class with independent legal status or join additional parties to the action."  *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013).  Instead, the "sole consequence" of conditionally certifying a collective action is that the court approves a written notice to all employees about the existence of a law suit and their ability to join the complaint as a party.  *Id.*  Employees do not become parties to the suit, unless the court receives written consent from each employee.  *Id.*

### a.  Conditional Certification.

The threshold issue in the conditional certification process is to ascertain whether individuals are similarly situated.  *See Whalen*, 85 Fed. Cl. at 384 ("The inquiry at this stage is not particularly searching; all that plaintiffs must put forward are substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.").  To satisfy this burden, Plaintiffs need only make a "modest factual showing of common circumstance," that may be demonstrated by pleadings, affidavits, and other supporting evidence.  *See Whalen*, 85 Fed. Cl. at 384 ("If the court finds that plaintiffs have made a 'modest factual showing' of common circumstance, then it may conditionally certify the collective action and send notice to potential collective action plaintiffs.") (citations omitted); *see also Gayle*, 85 Fed. Cl. at 76 ("Plaintiff can satisfy the evidentiary burden imposed by the first step by showing that the pleadings, affidavits, and other available evidence support the conclusion that potential class members are similarly situated.").  If the court determines that individuals are similarly situated, no factual disputes or substantive merits are adjudicated at this juncture, nor are any credibility determinations made.  *See Whalen*, 85 Fed. Cl. at 385.

In this case, the named Plaintiffs seek conditional certification, so that notices may be sent to all civilian police officers who were employed by the Air Force at HARB between January 25, 2014 and August 24, 2017 and to ascertain whether they wish to opt into this case.  Pls. Mot. at 2.

The January 25, 2017 Complaint alleges that Plaintiffs and all putative collective action members are, or were, police officers employed at HARB.  Compl. ¶¶ 7–15.  In addition, the January 25, 2017 Complaint alleges that, although Plaintiffs were required to be at their posts, ready to work, fifteen minutes prior to their scheduled shifts, they were not compensated for this time.  Compl. ¶¶ 26–28.  The January 25, 2017 Complaint also alleges that the basic job duties of the putative collective action members are, or were, the same or substantially similar to the named Plaintiffs' job duties, and the putative collective action members are, or were, paid in the same manner and under the same policies, plans, and practices as the named Plaintiffs.  Compl. ¶ 31.

The fact that the named Plaintiffs, or if other putative collective action employees, were paid different hourly wages, however, does not necessarily preclude the court from determining that these employees are similarly situated, because "'distinctions in . . . job titles, functions, or pay' will not stand in the way of conditional certification when an overarching nexus is present." *Whalen*, 85 Fed. Cl. at 386 (citation omitted).  In addition, the six declarations previously referenced support the facts alleged in the January 25, 2017 Complaint that Plaintiffs were required to arrive, ready to work, fifteen minutes before the beginning of their shifts, and be at their posts, but were not compensated for this time, and that the basic job duties of the Plaintiffs are, or were, substantially similar.  7/27/18 Dominick Decl. ¶¶ 4–5, 9, 10; 6/25/18 Racono Decl. ¶¶ 4–5, 9, 10; 6/25/18 Rivera Decl. ¶¶ 4–5, 9, 10; 7/10/18 Rosario Decl. ¶¶ 4–5, 9, 10;  7/3/18 Arencibia Decl. ¶¶ 4–5, 9, 10; 6/1/18 Guzman Decl. ¶¶ 4–5, 7, 8.

The Government does not contest that the named Plaintiffs and the putative collective action members are similarly situated, for the purpose of conditional certification.  Pls. Mot. at 2, 6.  The Government states, however, that

> [n]otwithstanding the declaration of non-party David Guzman, the Government remains concerned that, to establish that HARB employees[,] other than themselves[,] also allegedly were not paid for overtime worked, [P]laintiffs chiefly rely on the hearsay of unnamed declarants. . . . The Government[,] nonetheless[,] does not oppose [P]laintiff[s'] motion.

Pls. Mot. at 6 (citing 7/27/18 Dominick Decl. ¶ 11 ("After discussing this with several of my coworkers, it became clear that none of us were being paid for that time.")).

The declarations state, however, that the declarant: (1) "observed [discipline for not satisfying the early arrival requirement] happening to [his or her ] coworkers every time [the declarant] worked[;]" and (2) "was made aware of this procedure[,] because it was posted on [the civilian Police Officers'] work schedule."  7/27/18 Dominick Decl. ¶¶ 4–5, 8; 6/25/18 Racono Decl. ¶¶ 4–5, 8; 6/25/18 Rivera Decl. ¶¶ 4–5, 8; 7/10/18 Rosario Decl. ¶¶ 4–5, 8; 7/3/18 Arencibia Decl. ¶¶ 4–5, 8; 6/1/18 Guzman Decl. ¶¶ 4–6.[3]  Therefore, the named Plaintiffs rely on more than

---

[3] The declaration of David Guzman is also not that of a named Plaintiff.  Pls. Mot. at 5; 6/1/18 Guzman Decl. ¶¶ 1–8.

hearsay to establish that other HARB employees allegedly were not paid for overtime worked. *See Whalen*, 85 Fed. Cl. at 385 (finding that averments of plaintiffs and potential collective action members, based on relevant personal knowledge, were sufficient to satisfy the required modest showing of commonality).

For these reasons, the court has determined that the named Plaintiffs have met their burden to make a "modest factual showing . . . of a common policy or plan." *Whalen*, 85 Fed. Cl. at 384.

### b. Content And Delivery Of Notice.

The United States Supreme Court has held that federal trial courts have "discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs." *Hoffman-La Roche*, 493 U.S. at 169. This notice "serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." *Id.* at 172. It also permits putative collective action members to "make informed decisions about whether to participate" in a case that provides an efficient resolution of "common issues of law and fact arising from the same alleged [conduct]." *Id.* at 170. The text of the notice, however, must be neutral, as "courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Id.* at 174.

Attached to Plaintiffs' August 14, 2018 Motion is a proposed notice, a proposed opt-in form, and proposed consent form. Pls. Mot. Atts. 1, 2. The notice describes the putative collective action members as all "current and former civilian police officers [who were employed] at HARB" between January 25, 2014 and August 24, 2017. Pls. Mot. Att. 1 at 1. The proposed notice advises that the court: (1) has conditionally authorized the case to proceed as a collective action, but that such authorization "has no bearing on the merits of any claims[;]" and (2) "may rule that the case may not proceed as a collective action[,]" and/or that the recipient "may not [be] similarly situated to the named [P]laintiffs[.]" Pls. Mot. Att. 1 at 2. This text is sufficiently neutral "to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffman-La Roche*, 493 U.S. at 174.

The proposed notice also informs recipients that they may be deposed by the Government and required to testify at trial, but their attorney's fees and costs will be deducted from any award. *See* Pls. Mot. Att. 1 at 2–3; *see also Whalen*, 85 Fed. Cl. at 389.

In addition, the proposed notice states that, no later than 60 days from the date the notice is sent, any putative collective action members must provide notice of consent to opt into this law suit, and inform Plaintiffs' counsel, who will file all timely-submitted consent forms, in accordance with the court's August 10, 2017 Scheduling Order (ECF No. 16). Pls. Mot. at 2.

For these reasons, the court has determined that the proposed notice appropriately informs the putative collective action members of their rights in, and the effect of, opting into this case, and does not create the appearance of judicial endorsement of the merits.

**III.    CONCLUSION.**

Plaintiffs' August 14, 2018 Motion is granted.  Plaintiffs will have 60 days from the date of this Order to file with the court all timely-received opt-in forms and to file an amended complaint, if appropriate.  *See* RCFC 15(a)(2).

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Senior Judge**